IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO GUTIERREZ | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  08-mc-112 |
| WARDEN QUNJA | : | |
| | : | |
| Respondent | : | |

**<u>MEMORANDUM OPINION & ORDER</u>**

GOLDEN, J.                                                                                                                December 11, 2008

Before the Court is the Respondent's "Motion to Dismiss or Transfer [the Petitioner's] Request or Petition for Writ of Habeas Corpus"  ("the Motion").  (Doc. No. 2.)  On June 20, 2008, the Petitioner filed a petition captioned "Request for an order requiring the Bureau of Prisons to award a 2-day credit for every day served in the Northeast Ohio Correctional Center [NEOCC]" as relief under Title 28 of the U.S. Code (the "Petition").[1]  (Doc. No. 1.1)  The Petitioner complains that the conditions at NEOCC  border "on cruel and unusual punishment" and have "caused [the Petitioner] to serve a more onerous period of incarceration than that which was contemplated by the sentencing court." (Pet. 1.)  The Respondent moved the Court to either dismiss the Petition without prejudice or transfer the Petition to United States District Court for the Northern District of Ohio.  The Petitioner did not respond to the Respondent's Motion.[2]  For the following reasons, the Court will grant the Motion in so far as it seeks to transfer the Petition

---

[1] The Petitioner does not cite to any particular section of Title 28 of the U.S. Code.

[2] The Court afforded the Petitioner extra time to respond to the Respondent's Motion. Having received no response, the Court will treat the Motion as ripe for disposition.

to United States District Court for the Northern District of Ohio.

The Petitioner alleges that during his incarceration at NEOCC, while he was awaiting transfer to another facility, he was subjected to "gross overcrowding," which led to "an unsatisfying," "unhealthy," and "inappropriate domain," along with exposure to members of the general population who should be segregated due to their "dangerous and contagious medical conditions." (Pet. ¶¶ 1-2.) The Petitioner also alleges that he was subjected to "serious and unwarranted discomfort" based on a lack of "contact visits" and the small inventory of prison commissary. (Pet. ¶ 4.)

The Respondent characterizes the Petition as a petition for writ of habeas corpus under Section 2241 of Title 28.[3] Specifically, the Respondent observes that the Petitioner's challenge "essentially is to the conditions and place of incarceration, and therefore should be brought in a habeas petition pursuant to 28 U.S.C. § 2241." (Br. 3.II.) There are three factors that weigh in

---

[3] Section 2241 provides, pertinently:
    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
    (c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . .
28 U.S.C. § 2241. It should be noted that the Petitioner waived his right to seek relief under 28 U.S.C. § 2255 as a result of his having pleaded guilty and being sentenced by the Court.

favor of the Respondent's characterization of the Petition.[4]  First, the Petitioner named a proper respondent to a habeas petition – his warden.  See 28 U.S.C. §§ 2242-43; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'").  Second, in his Petition, the Petitioner references Title 28, which contains the habeas statutes.  Third, the relief sought by the Petitioner would have the net effect of releasing him from custody at an earlier date.  See Preiser v. Rodriguez, 411 U.S. 475, 484-87 (noting that the traditional function of the writ is to secure release from illegal custody whether the release was immediate or hastened by a shortening of the length of a petitioner's actual confinement).

So characterized, the Petition must be transferred to the United States District Court for the Northern District of Ohio because the Court lacks jurisdiction.  Section 1631 of Title 28 authorizes the Court to transfer the Petition for want of jurisdiction.  See 28 U.S.C. 1631;

---

[4] The Court would be remiss in not noting its hesitancy in characterizing the Petition as a habeas petition.  The facts alleged by the Petitioner could lead a court to conclude that a civil rights claim is actually being asserted.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:
> [W]henever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or Bivens] is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002).

Here, the Court is presented with a petition that seeks habeas-like relief on the basis of allegations that are similar to that of civil rights action.  There are no attacks on the validity of the conviction or the fact or length of the sentence.  However given the early stage of this litigation and the ultimate disposition of the Respondent's Motion, it would be inappropriate for the Court to rule on this issue now.

Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 370-71 (S.D.N.Y. 2005) (transferring case from district of filing to district of confinement). "A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district." Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-95 (1973) (holding that habeas jurisdiction is proper where court issuing writ has jurisdiction over custodian); 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."). The Petitioner is, or at least was, detained in a facility that is located in the Northern District of Ohio. The Petitioner's custodian, the Respondent, is also located in the Northern District of Ohio. The Court sits in the Eastern District of Pennsylvania. As a result, the Court lacks jurisdiction, and the Petition must be transferred.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO GUTIERREZ : | |
| : | |
| Petitioner : | |
| : | |
| vs. : | |
| : NO. 08-mc-112 | |
| WARDEN QUNJA : | |
| : | |
| Respondent : | |

**ORDER**

AND NOW, this 11th day of December, 2008, it is hereby ORDERED that the Respondent's "Motion to Dismiss or Transfer [the Petitioner's] Request or Petition for Writ of Habeas Corpus" (Doc. No. 2) is GRANTED to the extent that it seeks the transfer of the Petitioner's filing and DENIED to the extent that it seeks dismissal of the Petitioner's filing.

It is further ORDERED that the Clerk of Court transfer the Petitioner's filing (Doc. No. 1) to the United States District Court for the Northern District of Ohio.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.